IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GREG GALE,                                      No. C 14-2485 CW

         Plaintiff,                             ORDER GRANTING
                                                DEFENDANT'S MOTION
    v.                                          TO DISMISS
                                                PLAINTIFF'S
NEW CANAAN INVESTMENTS, LLC,                     COMPLAINT (Docket
                                                No. 6)
         Defendant.
_____/

     Defendant New Canaan Investments, LLC moves to dismiss

Plaintiff Greg Gale's complaint for fraudulent transfer.  Mr. Gale

has filed an opposition, and New Canaan has filed a reply.  Having

considered the papers, the Court GRANTS New Canaan's motion to

dismiss.

                        FACTUAL BACKGROUND

I.   Request for Judicial Notice

     New Canaan asks that the Court take judicial notice of

several documents.  Defendant's Request for Judicial Notice

(RFJN), Docket Nos. 7, 17 and 20, Exs. A-O.  Mr. Gale opposes this

request, in its entirety, for failure to demonstrate that judicial

notice is appropriate and because New Canaan relies on the

veracity of the facts found in the documents rather than only the

existence of the documents.  "[A] court may take judicial notice

of matters of public record."  Sami v. Wells Fargo Bank, 2012 WL

967051, at *4 (N.D. Cal.) (citation omitted).  "As a general rule,

we may not consider any material beyond the pleadings in ruling on

a Rule 12(b)(6) motion. . . . More specifically, we may not, on

the basis of evidence outside of the Complaint, take judicial

notice of facts favorable to Defendants that could reasonably be disputed." <u>United States v. Corinthian Colleges</u>, 655 F.3d 984, 998-99 (9th Cir. 2011).

Exhibit A is a copy of the May 6, 2004 judgment against Mr. Gale.  Mr. Gale refers to the judgment in Compl. ¶ 10.  Hence, it is appropriate for judicial notice.

Exhibit B is a copy of the December 10, 2013 Acknowledgment of the Assignment of Judgment between the Davises and New Canaan. Mr. Gale refers to this transaction many times in the Complaint. Hence, it is appropriate for judicial notice.

Exhibits C and D are copies of excerpts of Mrs. Davis's December 11, 2013 bankruptcy filing in the Central District of California.  Plaintiff refers to this filing in Compl. ¶ 18. Hence, they are appropriate for judicial notice.

Exhibits E through H are copies of documents filed in the Napa County Superior Court in relation to a February 14, 2014 first amended complaint for fraudulent transfer filed by Mr. Gale against New Canaan.  While Mr. Gale does not refer to these documents in his Complaint, the documents are a matter of public record and are relevant to the issue of whether collateral estoppel applies in this case.  Hence, they are appropriate for judicial notice.

Exhibits I and J are copies of filings made by Mr. Gale in the Bankruptcy Court of the Central District of California.  These documents request permission to bring avoidance claims against New Canaan and its attorney on behalf of Mrs. Davis's bankruptcy estate.  These documents are a matter of public record.  Hence, they are appropriate for judicial notice.

Exhibits K and L are copies of documents related to the appointment of a trustee over Mrs. Davis's bankruptcy estate. These documents are a matter of public record.  Hence, they are appropriate for judicial notice.

Exhibit M is a copy of an August 1, 2014 complaint filed by Mr. Gale in the Bankruptcy Court of the Central District of California requesting that Mrs. Davis's bankruptcy discharge be denied due to the alleged fraudulent transfer.  This document is a matter of public record.  Hence it is appropriate for judicial notice.

Exhibits N and O are excerpts taken from Exhibit M.  They are duplicative and, hence, need not be judicially noticed.

Mr. Gale requests that the Court take notice of a copy of a document which purports to show that, on March 28, 2014, Mrs. Davis listed the judgment against Mr. Gale in her husband's probate estate at a value of $52,500.  Declaration of Richard Moody, Docket No. 15-1, Ex. A.  This document is a matter of public record.  Hence, it is appropriate for judicial notice.

II.  Facts

The following facts are taken from the complaint and documents of which the Court takes judicial notice.

In May 2004, Constance Davis and her husband, William Davis, obtained a civil judgment against Mr. Gale for $509,993.22 (Gale Judgment).  Compl. ¶ 10; RFJN, Ex. A.  To date, it appears that none of the judgment has been paid.

In December 2010, Mr. Gale filed a civil suit in Napa Superior Court against Mr. and Mrs. Davis in which he sought

3

"several million dollars in damages for the Davises' intentional interference with [his] prospective economic advantage." Id. ¶ 11. Trial of that suit was scheduled to begin in December 2013. Id. ¶ 12. Sometime between the filing of that suit and the present date, Mr. Davis passed away.[1] Id.

Mr. Gale alleges that, in the May 22, 2012 filing Mrs. Davis made to establish her late husband's estate, Mrs. Davis listed Mr. Davis's property as valued at $967,000.[2] Id. ¶ 20. Mr. Gale alleges, on information and belief, that the Gale Judgment comprised the property Mrs. Davis listed as part of her husband's estate. Id.

On December 5, 2013, New Canaan was established as a California limited liability corporation, with a principal place of business in Idaho and its sole member in Connecticut. Id. ¶ 13.

On December 10, 2013, Mrs. Davis purportedly sold the Gale Judgment to New Canaan for $52,500. Id. ¶ 15; RFJN, Ex. B. Mr. Gale alleges that, with interest, the judgment had an approximate value of $1,000,000. Id. ¶¶ 15, 21. Also on December 10, 2013, New Canaan filed a "Notice of Lien" in Mr. Gale's suit against Mrs. Davis. Id. ¶ 17.

---

[1] The March 2014 probate document, of which Mr. Gale asks the Court to take judicial notice, notes the date of Mr. Davis's death as May 22, 2012.

[2] However, Mr. Gale asks the Court to take notice also of the March 2014 probate filing which shows Mrs. Davis listed the judgment at a value of $52,500.

United States District Court
For the Northern District of California

On December 11, 2013, Mrs. Davis filed for Chapter 7 bankruptcy.  Id. ¶ 18; RFJN, Exs. C and D.  In the light of the bankruptcy proceedings, the Napa Superior Court stayed the trial date in Mr. Gale's suit against Mrs. Davis.  Id. ¶ 19.

On February 14, 2014, Mr. Gale filed a complaint for Fraudulent Transfer in the California Superior Court for Napa County.  RFJN, Ex. E.  On April 4, 2014, the Napa County Superior Court sustained New Canaan's demurrer, dismissing the case without leave to amend.  Id., Ex. F.  The Napa County Superior Court held that Mr. Gale lacked standing to bring his suit given Mrs. Davis's bankruptcy filing.  Id.  The case is currently on appeal in the California Court of Appeal.  Subsequent to that decision, Mr. Gale filed this suit for fraudulent transfer on May 29, 2014.  New Canaan has filed, in accordance with Civil Local Rule 3-13, a Notice of Pendency of Related State Court Action.  Docket No. 19.

LEGAL STANDARDS

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The plaintiff must proffer "enough facts to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff.

United States District Court
For the Northern District of California

_Metzler Inv. GMBH v. Corinthian Colls., Inc._, 540 F.3d 1049, 1061 (9th Cir. 2008).  The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and facts of which the court may take judicial notice.  _Id._ However, the court need not accept legal conclusions, including "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements."  _Iqbal_, 556 U.S. at 678 (citing _Twombly_, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. _Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc._, 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  _Reddy v. Litton Indus., Inc._, 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

New Canaan seeks to dismiss Mr. Gale's complaint in its entirety.  First, it argues that, because Mr. Gale's identical claims in the California Superior Court were dismissed with prejudice, his claim in this Court is barred under the doctrine of collateral estoppel.  Second, it argues that Mr. Gale lacks standing to bring this claim.

I.   Collateral Estoppel[3]

The doctrine of collateral estoppel, or issue preclusion, prohibits the re-litigation of any issues litigated to a final judgment in a prior action.  People v. Burns, 198 Cal. App. 4th 726 (2011).  "A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Accordingly, because the state court judgment in question is a California judgment, this Court must apply California's law of collateral estoppel.

> [In California,] [t]he prerequisites to applying collateral estoppel are (1) a claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Burns, 198 Cal. App. 4th at 731 (citations, quotation marks, and alterations omitted).  "[A]ccording to California law, a judgment is not final for purposes of collateral estoppel while open to direct attack, e.g., by appeal."  Abelson v. Nat'l Union Fire Ins. Co., 28 Cal. App. 4th 776, 787 (1994).

Mr. Gale does not contest the argument that his state court claim and his district court complaint are identical.  Both complaints allege the same facts, and both complaints bring a fraudulent transfer cause of action.  Mr. Gale argues that because his state court suit against New Canaan is currently on appeal in

---

[3] In its reply, New Canaan concedes that collateral estoppel is premature and does not apply.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

the California Court of Appeal, there has been no state court
final judgment on the merits.  New Canaan does not dispute this
fact.  Hence, because there has not been a final judgment on the
merits, the Court declines to dismiss the complaint due to
collateral estoppel.[4]

However, the Court can choose to abstain from deciding this
case under the doctrine of <u>Colorado River Water Conservation Dist.</u>
<u>v. United States</u>, 424 U.S. 800 (1976).  In <u>Colorado River</u>, the
Supreme Court announced a balancing test, weighing four factors to
determine whether sufficiently exceptional circumstances exist:
(1) whether either court has assumed jurisdiction over property in
dispute; (2) the relative convenience of the forums; (3) the
desirability of avoiding piecemeal litigation; and (4) the order
in which the concurrent forums obtained jurisdiction.  <u>Id.</u> at 818.
The Court stated: "No one factor is necessarily determinative; a
carefully considered judgment taking into account both the
obligation to exercise jurisdiction and the combination of factors
counselling against that exercise is required."  <u>Id.</u> at 818-19.
"When a district court grants a stay under the <u>Colorado River</u>
doctrine, it presumably concludes that the parallel state-court
litigation will be an adequate vehicle for the complete and prompt
resolution of the issues between the parties."  <u>Hanover Ins. Co.</u>
<u>v. Fremont Bank</u>, 2014 WL 4744398, at *16 (N.D. Cal.)

---

[4] In addition to collateral estoppel, New Canaan argues that
the <u>Rooker-Feldman</u> doctrine "prohibits a direct appeal from the
final judgment of a state court."  Docket No. 6 at 20.  <u>See</u>
<u>Kousgasian v. TMSL, Inc.</u>, 359 F.3d 1136 (9th Cir. 2004).  However,
as discussed above, there has been no final state court judgment.
Hence, the <u>Rooker-Feldman</u> doctrine does not apply.

United States District Court
For the Northern District of California

1    Pursuant to the <u>Colorado River</u> doctrine, a court should stay

2  a case that is sufficiently similar to an earlier filed case to

3  preserve judicial resources and encourage comprehensive

4  disposition of litigation.  In cases involving the concurrent

5  exercise of jurisdiction by different courts over parallel

6  actions, a federal court has discretion to stay or dismiss an

7  action based on considerations of wise judicial administration.

8  <u>Colorado River</u>, 424 U.S. at 817; <u>Aetna Life Ins. Co. v. Kohler</u>,

9  2011 WL 1990658 (N.D. Cal.).  The two actions need not exactly

10 parallel each other to implicate the <u>Colorado River</u> doctrine; it

11 is enough that the two cases are substantially similar.  <u>Nakash v.</u>

12 <u>Marciano</u>, 882 F.2d 1411, 1416 (9th Cir. 1989).  However, the

13 federal district courts have a "virtually unflagging obligation"

14 to exercise their jurisdiction, <u>Moses H. Cone Hosp. v. Mercury</u>

15 <u>Constr. Corp.</u>, 460 U.S. 1, 19 (1983), and should only invoke a

16 stay or dismissal under the <u>Colorado River</u> doctrine in

17 "exceptional circumstances," <u>Colorado River</u>, 424 U.S. at 817.

18    Here, New Canaan has filed, in accordance with Civil Local

19 Rule 3-13, a Notice of Pendency of Related State Court Action.

20 Docket No. 19.  As is clear from a comparison of the state court

21 complaint and the complaint filed in this case, both cases assert

22 similar factual allegations, and the crux of the cases is the

23 same: was the transfer of the Gale Judgment made by Mrs. Davis or

24 the Estate of Mr. Davis, and was that transfer fraudulent given

25 Mr. Gale's suit against the Davises.  Both actions allege the same

26 cause of action: fraudulent transfer pursuant to California's

27 Uniform Fraudulent Transfer Act, California Civil Code section

28 3439.01.  Prior to the filing of this case in this Court, the

Superior Court of Napa County had dismissed the case with prejudice, and the case is currently on appeal in the California Court of Appeal.  Given that this Court could apply collateral estoppel when the Court of Appeal rules on Mr. Gale's appeal, it is highly desirable to avoid duplicate litigation prior to the Court of Appeal's ruling.  Hence, the balance of the factors weighs heavily toward a stay.

Mr. Gale pointed out that New Canaan did not ask for a stay, and he asked for an opportunity to address a stay if one were requested.  Hence, the Court gives him an opportunity to address the issue of whether a stay is appropriate at this time in the light of the California Court of Appeal's consideration of his appeal.

II.  Standing

New Canaan argues that even if Mr. Gale's complaint is not dismissed due to collateral estoppel, it should be dismissed for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).  It contends that, because Mrs. Davis owned and transferred the Gale Judgment, and because she is now in Chapter 7 bankruptcy, "the right to challenge the transfer now vests exclusively in [the] Chapter 7 bankruptcy trustee."  Docket No. 6 at 5.  Mr. Gale alleges that it was not Mrs. Davis who owned and transferred the judgment, but the Estate of William Davis.  See Docket 15 at 7.  Hence, Mr. Gale asserts that, because the Estate is not in bankruptcy, he has standing to sue as a creditor under California's Uniform Fraudulent Transfer Act.

This allegation forms the crux of this case.  Mr. Gale admits that if Mrs. Davis had the authority to transfer her own interest

10

United States District Court
For the Northern District of California

in the judgment against him, "the bankruptcy trustee should be the
one bringing suit." Docket No. 15 at 7.  Thus, to survive this
Rule 12(b)(6) motion, Mr. Gale must state facts sufficient to
support his allegation that Mrs. Davis was not the proper holder
of the judgment, and, hence, was unauthorized to sell it.
Otherwise, "[u]pon a declaration of bankruptcy, all of a
petitioner's property becomes the property of the bankruptcy
estate." Flowers v. Wells Fargo Bank, N.A., 2011 WL 2748650, at
*3 (N.D. Cal.); see also 11 U.S.C. § 541(a).  Furthermore, "the
estate becomes the only real party in interest unless the
bankruptcy trustee abandons the claims." Id.  If Mrs. Davis was
the rightful transferor, and the bankruptcy trustee has not
abandoned the claim, any cause of action for fraudulent transfer
can only be brought by the bankruptcy trustee.

Mr. Gale alleges that "at an unknown point between May 2004
and the present, the [Gale Judgment] became an asset of Mr. Davis,
as confirmed by the filings made by Ms. Davis in the Estate of
Davis matter.  As such, the [Gale Judgment] became an asset of the
Estate after Mr. Davis passed away." Compl. ¶ 10.  Mr. Gale again
makes this allegation in his Opposition: "Plaintiff properly
alleges that the transfer was from the Estate of William Davis,
which is not in bankruptcy, and that only the Estate -- not Ms.
Davis -- had an interest in the Judgment Asset at the time of the
transfer." Docket No. 15 at 7.  He goes on to state, "Those
allegations must be accepted as true as this stage." Id.

Mr. Gale is incorrect.  As discussed above, to survive a Rule
12(b)(6) motion, "the plaintiff must proffer enough facts to state
a claim to relief that is plausible on its face." Ashcroft, 556

11

U.S. at 678 (citations omitted).  Mr. Gale fails to allege any facts to support his accusation that Mrs. Davis's interest in the Gale Judgment was transferred to her husband.

Nor does Mr. Gale allege facts sufficient to support the allegation that the Gale Judgment belonged to the Estate at the time of the transfer.  He alleges that Mrs. Davis, in her opening petition to establish her husband's estate after his death, listed an asset worth $967,000 as Mr. Davis's personal property.  Mr. Gale then states that, "on information and belief, that 'personal property' was comprised principally or entirely of the [Gale Judgment] valued as of the time of filing."  Compl. ¶ 20.  Mr. Gale does not state any facts to support his "information and belief."  Thus, he does not state facts sufficient to support the accusation that the Estate was the sole owner of the Gale Judgment.

While the parties do not address this issue directly, it would appear that California's community property rules are relevant here.  Under California law, there is a presumption that assets acquired during a marriage are community property: "Except as otherwise provided by statute, all property, real or personal, wherever situated, acquired by a married person during marriage while domiciled in California is community property.  This includes recovery of or a contingent, future interest in the recovery of a lawsuit."  In re Lewis, 515 B.R. 591, 598 (B.A.P. 9th Cir. 2014) (citing Cal. Fam. Code § 760).  See also In re Marriage of Valli, 58 Cal. 4th 1396, 1400 (2014).  "[T]he party challenging the presumption . . . [bears] the burden of showing that the [assets] were not community property."  Cal. Fam. Code

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

§ 802; see also <u>In re Marriage of Weaver</u>, 127 Cal. App. 4th 858, 864 (2005).  Thus, it would appear that Mr. Gale must state facts sufficient to rebut the presumption that the Gale Judgment was community property.  In any future motions, the parties shall address the issue of whether community property rules are applicable to this case.

If the Gale Judgment belonged, even in part, to Mrs. Davis, Mr. Gale's standing to bring this suit is also barred by the automatic stay triggered by Mrs. Davis's bankruptcy filing.  Title 11 U.S.C. § 362(a)(1) states,

> [A] petition filed under section 301, 302, or 303 of this title . . . operates as a stay, applicable to all entities, of . . . the commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

The phrase "or to recover a claim against the debtor"

> encompass[es] cases in which the debtor is not a defendant; it would otherwise be totally duplicative of the former category and pure surplusage.  Upon analysis, a third-party action to recover fraudulently transferred property is properly regarded as undertaken to "recover a claim against the debtor" and subject to the automatic stay pursuant to § 362(a)(1).

<u>In re Colonial Realty</u>, 980 F.2d 125, 131-132 (2nd Cir. 1992).  Thus, while Mr. Gale's cause of action for fraudulent transfer is ostensibly against New Canaan, it is also an action that seeks to recover (or preserve) possible damages in the suit filed against Mrs. Davis.  "Absent a claim against the debtor, there is no independent basis for the action against the transferee."  <u>Id.</u> at 132.  Accordingly, if the Gale Judgment belonged to Mrs. Davis in

1  whole or in part, the fraudulent transfer action against New

2  Canaan would be subject to the automatic stay required under

3  § 362(a)(1).

4       Therefore, Mr. Gale has not sufficiently alleged standing to

5  bring this suit.  Accordingly, the Court GRANTS New Canaan's

6  motion to dismiss the complaint in its entirety for lack of

7  standing.  If the case is not stayed, or if the stay is lifted,

8  Mr. Gale will be granted leave to remedy this deficiency in an

9  amended pleading if he can do so truthfully and without

10 contradicting his previous pleadings.

11                          CONCLUSION

12       For the reasons set forth above, the Court GRANTS New

13 Canaan's motion to dismiss (Docket No. 6).  Within seven days of

14 this order, Mr. Gale may file a brief of no more than ten pages

15 stating why this case should not be stayed pending the California

16 Court of Appeal decision.  Within seven days of Mr. Gale's filing,

17 if any, New Canaan may respond by filing a brief of no more than

18 ten pages addressing Mr. Gale's arguments.  Whether to issue a

19 stay pending the California Court of Appeal's decision will be

20 decided on the papers.  If the case is not stayed, the Court will

21 set a date for Mr. Gale to file his amended complaint.

22       IT IS SO ORDERED.

23 Dated:  December 17, 2014

CLAUDIA WILKEN
United States District Judge

24

25

26

27

28